UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY P.B.[1],

Plaintiff,

v. CASE # 19-cv-00947

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC
Counsel for Plaintiff
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

MARY ELLEN GILL, ESQ.
KENNETH R. HILLER, ESQ.

U.S. SOCIAL SECURITY ADMIN.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

CATHARINE LOUISE
ZURBRUGG, ESQ.

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on January 27, 1969, and has at least a high school education. (Tr. 279, 309). Generally, plaintiff's alleged disability consists of Hepatitis C, migraines, back pain, leg circulation disorder, renal disorder, bipolar disorder, and opiate dependence in remission. (Tr. 308). His alleged onset date of disability is March 1, 2015. (Tr. 308).

### B. Procedural History

On December 11, 2015, plaintiff applied for a period of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 279). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 3, 2018, plaintiff appeared before the ALJ, Timothy M. McGuan. (Tr. 119-142). On August 23, 2018, ALJ McGuan issued an unfavorable decision finding plaintiff was not disabled under the Social Security Act. (Tr. 11-23). On May 20, 2019, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since December 11, 2015, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: schizophrenia, paranoid type; anxiety; depression; polysubstance abuse; hepatitis C, chronic superficial phlebitis of the left lower extremity; lumbar degenerative disc disease; obesity; plantar fasciitis and possible leg length discrepancy. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant requires the ability to sit or stand at will, can occasionally interact with the public, can perform simple, unskilled work.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on January 27, 1969 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (See SSR 82-41 and 20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 11, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 11-22).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes four arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the Appeals Council erred in rejecting treating opinions from plaintiff's treating physician. Second, the ALJ erred in giving little weight to the only physical opinion in the file and crafting a physical RFC with reference only to his lay judgment. Third, the ALJ did not

thoroughly or properly weigh Dr. Hashim's treating opinion. Lastly, the ALJ did not properly consider the effects of plaintiff's stress limitation on his ability to perform work. (Dkt. No. 9 at 1 [Plaintiff's Mem. Of Law]).

**B. Defendant's Arguments**

In response, defendant argues substantial evidence supports the RFC finding, the ALJ adequately weighed Dr. Hashim's opinion, the RFC adequately accounted for any impact of stress on plaintiff's functioning, and evidence submitted to the Appeals Council was not material and there was not good cause for failure to submit it to the ALJ. (Dkt. No. 12 at 5, 11, 14, 15 [Defendant's Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

**A. Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B. Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

> assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

On October 24, 2018, plaintiff submitted various documents to the Appeals Council (AC) in connection with the request for review of the ALJ decision. This included four opinions from plaintiff's treating physician, Dr. Redhead, which were completed for the Erie County Department of Social Services. (Tr. 69-85). The AC summarily stated that "this evidence is not material because it is not relevant to your claim for disability." (Tr. 2). The statement concludes that the evidence was not considered or exhibited. (*Id*.).

It has been well-established that the Appeals Council must consider additional evidence submitted by a claimant after the ALJ's decision so long as it is new, material, and relates to the period on or before the ALJ's decision. *See* 20 C.F.R. § 416.1470 (a)(5), (b); *see also Lisa v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 940 F.2d 40, 43 (2d Cir. 1991) ("An appellant must show that the proffered evidence is (1) 'new' and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative.") (internal citations omitted). Evidence is "new" if it did not exist prior to the ALJ's decision and is not cumulative of what is already in the record. *See Pollard v. Halter,* 377 F.3d 183, 193 (2d Cir. 2004) (summary order). Furthermore, evidence is "material" when it relates to the period on or before the date of the ALJ's decision, and is probative, meaning there is "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Id.* "If the Appeals Council fails to fulfill its obligations under § [416.1470(b)] 'the proper course for the reviewing

court is to remand for reconsideration in light of the new evidence.' " *Wilbon v. Colvin*, 15-CV-756-FPG, 2016 WL 5402702, at *5 (W.D.N.Y. Sep. 28, 2016) (internal citations omitted).

At issue is a 17-page submission identified as a treating medical source statement from Erie County Department of Social Services Office of Council. (Tr. 70). The e-file cover letter form specifically states "COMPLETED: 05/16/2013-09/29/2014". These dates are reflective of the first two opinions contained in the submission. However, there are two additional opinions which are not clearly dated. The first form stated the most recent examination was on September 28, 2016 and the second has a handwritten note stating, "due by 10/10/17". Defendant argues the 2017 form has no concrete indication it was completed during the relevant period and it is not known what the due date notation would mean. (Dkt. No. 12 at 17). A review of the other signed DSS employability assessments show that a hand-written due date notation was common practice and a fax number was provided for the provider to return the form to Social Services. (Tr. 71, 73, 75, 77). Defendant's argument that it is unclear what that notation meant is disingenuous given the frequency of these reports as evidence in many claims of this nature.

Defendant argues the AC is absolved of any error because the cover sheet identifies the evidence as spanning from May 16, 2013 through September 29, 2014, which is before the relevant period beginning December 11, 2015. (Tr. 70, 80, 84-85; Dkt. No. 12 at 17). Additionally, defendant broadly concludes it was "hardly unreasonable" for the AC to rely on the cover sheet dates given the "ambiguity" of the dates on the additional opinions. As an initial matter, the cover sheet is in-part computer generated by the electronic filing system and not a medical record. The cover sheet properly and clearly identified the attached records as treating source statements. (Tr.

70). An error on a cover sheet does not relieve the AC of its duty to consider additional evidence submitted in the record.

Defendant contends that regardless of the evidence being new, material and related to the period before the ALJ, the plaintiff has failed to satisfy the requirements for AC review as he failed to show good cause for not informing the agency about or submitting the evidence prior to the ALJ hearing. (Dkt. No. 12 at 16). Defendant relies on *Ostrovsy v. Massanari* (83 F. App'x 354, 358 (2d Cir. 2003), which cites the three prong *Tirado* test. In *Tirado v. Bowen*, 842 F.2d 595, 597 (1988), the Second Circuit held that a claimant seeking remand for consideration of additional evidence must satisfy a three-part test. First, the claimant must show that the proffered evidence is "new and not merely cumulative of what is already in the record." *Id.* Second, the claimant must show that the evidence is "material." *Id.* In this context, the concept of materiality requires both that the evidence is relevant to the time period for which benefits were denied and that there is a reasonable possibility that the evidence would have affected the outcome of the claimant's application. *Id.* Third, the claimant must show "good cause" for failing to present the evidence earlier. *Id.*

In both *Ostrovsy* and *Tirado* the evidence was submitted to the District Court and not the Appeals Council. District courts throughout the Second Circuit appear to be split regarding whether the *Tirado* standard applies to evidence that was previously submitted to the Appeals Council. *Wilbon v. Colvin*, No. 15-CV-756, 2016 WL 5402702, at *4 (W.D.N.Y. Sept. 28, 2016). However, similar to the rationale in *Wilbon*, Section 405(g) allows a reviewing court to order additional evidence to be taken before the Commissioner of Social Security and requires a showing of good cause for the failure to incorporate such evidence into the record in a prior proceeding, but

here the evidence *was already* before the Commissioner and incorporated into the record[2] when plaintiff requested review by the Appeals Council. Furthermore, under 20 C.F.R. § 416.1470(b), claimants are expressly authorized to submit new evidence to the Appeals Council without showing "good cause." *See* 20 C.F.R. § 416.1470(b); *Perez v. Chater*, 77 F.3d at 45 (2d Cir. 1996). Rather, "[t]he only limitations stated in [§ 416.1470(b)] are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision." *Perez*, 77 F.3d at 45. Requiring claimants to show good cause on judicial review would conflict with the SSA's own regulations and possibly undermine its regulatory framework. *Wilbon* 2016 WL 5402702 at *4. Therefore, this Court aligns with the courts in holding that the *Tirado* standard does not apply to evidence that was previously submitted to the Appeals Council for review.

Instead, since Dr. Redhead's opinions were previously submitted to the Appeals Council, the standard articulated in 20 C.F.R. § 416.1470(b) provides a more appropriate benchmark that the AC must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision. 20 C.F.R. § 416.1470(b); *Perez*, 77 F.3d at 45. If the AC fails to fulfill its obligations under § 416.1470(b), "the proper course for the reviewing court is to remand for reconsideration in light of the new evidence." *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (citing *Milano v. Apfel,* 98 F. Supp. 2d 209, 216 (D. Conn. 2000)); *see also Seifried ex rel. A.A.B.*, 2014 WL 4828191, at *4-5.

Here, the AC erred when it failed to address the reports from Dr. Redhead as they were from the relevant time period and not duplicative of anything in the file. Rather, at the time of the ALJ decision, the administrative record lacked a treating source opinion. The opinions are also

---

[2] Although not exhibited by the AC the reports were ultimately included as part of the record before this Court. *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) ("Because the regulations require the Appeals Council to review the new evidence, this new evidence must be treated as part of the administrative record.").

material as they undermine key aspects of the ALJ's decision. On both employability assessments, Dr. Redhead opined plaintiff was moderately limited in the broad functional areas of walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and stairs or other climbing. (Tr. 80). She also opined the plaintiff was moderately limited in the mental functions of understanding, remembering, and carrying out instructions; maintaining attention/concentration; making simple decisions; interacting appropriately with others; maintaining socially appropriate behavior without exhibiting behavioral extremes; and appearing able to function in a work setting at a consistent pace. *Id*.

Indeed, it is unclear from the AC's perfunctory and boilerplate reasoning whether the opinions were not considered merely because of the incorrect heading of the 17-page document which is particularly egregious given the AC's heightened duty with statements from treating sources. The AC is required to apply the treating physician rule when considering new and material evidence from a treating physician. *See Asturias v. Colvin*, 2014 WL 3110028, *6 (W.D.N.Y. 2014) ("[t]hus, where the claimant has submitted a treating physician's opinion on the nature and severity of the claimant's impairments during the relevant period of disability to the Appeals Council for consideration on review of the ALJ's hearing decision, the treating physician rule applies, and the Appeals council must give good reasons for the weight accorded to that opinion") (internal quotation omitted). As argued by defendant, there is conflicting evidence in the record pertaining to the treating source opinions and resolving those conflicts is the province of the Commissioner. Accordingly, the Appeals Council's failure to consider the new treating source opinions requires remand.

Because it has been found remand is otherwise warranted, the remainder of plaintiff's contentions are declined for review. *See generally Siracuse v. Colvin*, 2016 U.S. Dist. LEXIS 34561 at *27, 2016 WL 1054758 (W.D.N.Y. 2016).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: January 28, 2021
Rochester, New York

*J. Gregory Wehrman* J.G.W.
HON. J. Gregory Wehrman
United States Magistrate Judge